UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFONZO WELLS, JR.

                Plaintiff,

v.                                        Case No. 20-cv-1557-pp

KOSKI, SGT HESTHEAVEN,
and MORRIS,

                Defendants.

## ORDER STRIKING PLAINTIFF'S PROPOSED AMENDED COMPLAINT
## (DKT. NO. 35)

Plaintiff Alfonzo Wells, Jr., who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Racine County Jail. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed with a Fourteenth Amendment conditions-of-confinement claim against defendants Hestheaven, Morris and Koski regarding the nine hours on September 6, 2020 that the plaintiff alleges he spent in a cell that was covered in human waste. Dkt. No. 29 at 10-11. On September 30, 2021, the plaintiff filed a proposed amended complaint[1] reasserting the same facts and allegations against defendants Hestheaven, Morris and Koski regarding the same September 6 incident, see Dkt. No. 35, ¶¶4-20, and naming the "Racine County Jail" as a defendant in the caption, id. at 1. The proposed

---

[1] Although the proposed amended complaint has been docketed as a "proposed second amended complaint," this is the first amendment the plaintiff has proposed.

1

amended complaint does not include any additional facts or allegations against the Racine County Jail or Racine County (the municipality), id. at ¶¶4-20, but it does seek monetary damages against the Racine County Jail based on the alleged actions of defendants Hestheaven, Morris and Koski, id. at ¶17.

Fed. R. Civ. P. 17(b) says that state law determines who can be sued. A county jail is not a suable entity under §1983. See Smith v. Knox Cty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). A plaintiff may sue a governmental entity—like a county—if he alleges that any injuries he suffered was the result of an official policy or custom of the county. The plaintiff has not named Racine County and even if he had, the plaintiff has not alleged any facts or allegations suggesting that the county had a custom or policy that violated his constitutional rights. See Waters v. City of Chi., 580 F.3d 575, 581 (7th Cir. 2009) (noting that, to state a Monell claim against a municipality, the plaintiff must identify "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.") Further, §1983 also does not allow for vicarious liability, see Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009), so the plaintiff cannot state any claims against anyone at the jail solely because defendants Hestheaven, Morris and Koski worked there.

Because the proposed amended complaint does not state any new claims and adds only a defendant that is not suable, the court will not allow the

plaintiff to proceed on the proposed amended complaint. The court will strike the proposed amended complaint from the record, and the original complaint, dkt. no. 1, will remain the operative complaint.

The court **ORDERS** that the proposed amended complaint, Dkt. No. 35, is **STRICKEN** and the original complaint, Dkt. No. 1, remains the operative complaint.

Dated in Milwaukee, Wisconsin, this 10th day of November, 2021.

BY THE COURT:

**HON. PAMELA PEPPER
Chief United States District Judge**

3

Case 2:20-cv-01557-PP    Filed 11/10/21    Page 3 of 3    Document 38