UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFONZO WELLS, JR.

                Plaintiff,

v.                                                 Case No. 20-cv-1557-pp

KOSKI, SGT HESTHEAVEN
and SGT MORRIS,

                Defendants.

**ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE MERITS (DKT. NO. 54), GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 42) AND DISMISSING CASE**

Plaintiff Alfonzo Wells, Jr., who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Racine County Jail. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on a Fourteenth Amendment conditions-of-confinement claim against defendants Koski, Hestheaven and Morris regarding the nine hours the plaintiff alleges that he spent on September 6, 2020 in a cell flooded in human waste. Dkt. No. 29 at 10-11. On January 7, 2022, the defendants filed a motion for summary judgment based on the plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit. Dkt. No. 42. The court will grant the motion and dismiss the case without prejudice.[1]

---

[1] The court has not been prompt in ruling on this motion. Accordingly, on April 12, 2022, the defendants filed a motion asking the court to extend the deadline for filing merits-based dispositive motions to June 24, 2022. Dkt. No. 51. The court should have suspended the merits-based dispositive motions deadline; instead, it granted the defendants' motion and extended the deadline for filing merits-based motions to June 24, 2022. Dkt. No. 53. When, by June 24, 2022,

1

## I. Facts

On September 6, 2020, the plaintiff was confined at the Racine County Jail. Dkt. No. 43, ¶2. The plaintiff alleges that he was exposed to "toxic sewage" for a period of nine hours when another inmate flooded his own cell and caused urine, feces and spit-tainted water to overflow into other areas of the jail, including the dayroom and the plaintiff's cell. Id. at ¶¶3-4. The plaintiff alleged that the defendants ignored his requests for assistance and refused to clean up the sewage for nine hours. Id. at ¶¶5-6.

The "RCJ [Racine County Jail] Inmate Handbook" outlines the inmate complaint review procedure at the jail. Id. at ¶¶9-10; see also Dkt. No. 45-1 at 3-4. The handbook is available to all persons incarcerated at the jail. Dkt. No. 43 at ¶11. The handbook states that an incarcerated person may file an inmate complaint, using an "Inmate Request" form, within seven days of the occurrence giving rise to the inmate complaint. Id. at ¶¶13,15; Dkt. No. 45-1 at 3. The inmate complaint must contain the following information: the date of the occurrence, the housing location, the incarcerated person's SPN number, a complete a description of the event giving rise to the incident and the incarcerated person's signature. Dkt. No. 43 at ¶14. The incarcerated person must submit the inmate complaint to jail staff, who forwards it to the jail sergeant. Id. at ¶16. The jail sergeant must investigate the inmate complaint and respond within fourteen days. Id. at ¶18. If the jail sergeant denies the inmate complaint, an incarcerated person may file an "appeal" to the jail

---

the court still had not ruled on the exhaustion motion, the defendants filed their merits-based summary judgment motion. Dkt. No. 54. Because the court is granting the motion for summary judgment on exhaustion grounds, it will deny as moot the motion for summary judgment on the merits. The court apologizes to the defendants for this unnecessary effort.

captain within seven days of receipt of the denial. Id. at ¶19. If the jail captain does not provide a response to the appeal within seven calendar days, the appeal is considered "denied." Id. at ¶20. The grievance procedure is considered "complete" once the jail captain responds to the inmate complaint appeal or seven days have passed with no response to the inmate complaint appeal. Id. at ¶21. If an incarcerated person is released while his inmate complaint is being processed, he has seven days to request a written response to the grievance. Dkt. No. 45-1 at 4. If the incarcerated person does not make such a request, the grievance is considered "resolved." Id.

The plaintiff filed several inmate complaints in September 2020. Dkt. No. 43 at ¶22. Two of those inmate complaints relate to this lawsuit. See Dkt. No. 48 at 3-4. One is dated September 6, 2020 and the other is dated September 10, 2020. Id. Both inmate complaints are directed to the jail sergeant and state that the plaintiff was exposed to "toxic sewage" for nine hours on September 6, 2020 between the hours of 3:45 p.m. and 12:00 a.m. See id. The plaintiff states that he did not receive a response to either inmate complaint. Dkt. No. 48 at ¶6. At the top of the September 10, 2020, second inmate complaint there is a handwritten notation in all capitals: "RELEASE FROM CUSTODY." Dkt. No. 48 at 4. The plaintiff did not appeal either of the inmate complaints to the jail captain. Dkt. No. 43 at ¶24. The plaintiff has not provided any evidence that he requested a written response to his inmate complaints.

## II. Analysis

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also

3

Case 2:20-cv-01557-PP Filed 08/17/22 Page 3 of 8 Document 62

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

    B.    <u>Exhaustion of Administrative Remedies</u>

The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." See Chambers v. Sood,

4

956 F.3d 979, 983 (7th Cir. 2020) (citing Lockett v. Bonson, 937 F.3d 1016, 1025 (7th Cir. 2019)). Exhaustion is an "affirmative defense," Pavey v. Conley, 544 F.3d 739, 740–41 (7th Cir. 2008), so the defendants bear the burden to show that the plaintiff failed to exhaust administrative remedies.

    C.    Discussion

The defendants argue that they are entitled to summary judgment based on failure to exhaust administrative remedies because the plaintiff did not file an "initial formal grievance" regarding the September 6, 2020 incident, could not have filed any appeals to complete the grievance procedure and filed this lawsuit less than a month after the alleged incident. Dkt. No. 44 at 6-7. In support of the motion, the defendants attached the declaration of Lt. Melissa Gonzalez (not a defendant) who reviewed the plaintiff's jail file and attached copies of all the inmate complaints contained in that file that were submitted between September 2020 and November 2020. Dkt. No. 45 (declaration); Dkt. No. 45-2 (inmate complaints). Gonzalez indicated that none of the inmate complaints on file relate to the September 6, 2020 incident. Dkt. No. 45 at ¶¶19-20.

The plaintiff filed an opposition brief, attaching copies of two other inmate complaints he claims he filed in September 2020. Dkt. No. 48 at 3-4. One inmate complaint is dated September 6, 2020; the other is dated September 10, 2020. Id. Both complaints are directed to the jail sergeant and state that the plaintiff was exposed to "toxic sewage" for nine hours on September 6, 2020 between the hours of 3:45 p.m. and 12:00 a.m. Id. Neither of these complaints appear in the group of complaints attached to Gonzalez's declaration. The plaintiff did not provide the court with a declaration or affidavit swearing that he had filed these two inmate complaints.

Even if the plaintiff did file these complaints, however, and they somehow did not get included in the complaint file attached to Gonzalez's declaration, the plaintiff has not provided any evidence showing that he followed or completed the exhaustion process by requesting a written response to the inmate complaints or by appealing the dismissal of the complaints (if, in fact, they were dismissed). The plaintiff claims in his opposition brief that he filed "multiple of grievance" while he was incarcerated at the Racine County Jail "which were never replied to or responded to." Dkt. No. 48 at ¶6. The court has no proof of this, and again, the plaintiff did not submit an affidavit or declaration swearing that he filed these two complaints or that he asked for a written response.

As the court noted, the September 10, 2020 inmate complaint bears a handwritten notation about being released from custody. Dkt. No. 48 at 4. The court does not know who wrote this—whether it was the plaintiff demanding to be released from custody or someone at the jail indicating that he was released (although it is not clear how the plaintiff would have gotten the copy of the complaint after he was released from the jail). But even if the plaintiff was released before his complaints had been considered by the reviewing authority, the jail's grievance procedure explained what the plaintiff was supposed to do under those circumstances; request a written response to the grievance. Dkt. No. 45-1 at 4. He has provided no evidence that he made such a request.

Nor can the court consider the September 10, 2020 inmate complaint an "appeal" of the September 6, 2020 inmate complaint because the September 10, 2020 inmate complaint does not indicate that the plaintiff was attempting to appeal a decision regarding the September 6, 2020 inmate complaint. Nor is

6

the September 10, 2020 inmate complaint directed to the jail captain, who reviews appeals.

Finally, the fact that the plaintiff filed this lawsuit on October 5, 2020—twenty-nine days after the incident about which he complains—provides circumstantial evidence that he did not exhaust the administrative grievance process. Even if the plaintiff filed a grievance on the date of the event—September 6, 2020—the jail sergeant would have had to forward the complaint for investigation and would have had fourteen days within which to respond. If the sergeant had responded to the plaintiff by September 20, the plaintiff would have had seven days—until September 27—to file his appeal. The appeal is complete seven days later—in this case, by October 4, 2020—when the jail captain either responds or fails to respond. The plaintiff filed his complaint by mailing it to the U.S. District Court for the Northern District of Illinois in an envelope postmarked September 28, 2020. Dkt. No. 1 at 6. It is unlikely that the plaintiff could have completed the entire grievance and appeal process in three weeks, and if he had, the jail would have a record of dismissing his complaint and processing his appeal.

The defendants have met their burden of showing that the plaintiff failed to exhaust his administrative remedies because he did not follow or complete the exhaustion process outlined in the jail's Inmate Handbook. The court will grant the defendants' motion for summary judgment and dismiss the case without prejudice.

### III. Conclusion

The court **DENIES AS MOOT** the defendants' motion for summary judgment on the merits. Dkt. No. 54.

The court **GRANTS** the defendants' motion for summary judgment

7

Case 2:20-cv-01557-PP   Filed 08/17/22   Page 7 of 8   Document 62

on exhaustion grounds. Dkt. No. 42.

The court **DISMISSES** this case without prejudice. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 17th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8

Case 2:20-cv-01557-PP   Filed 08/17/22   Page 8 of 8   Document 62